UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN S., | ) | No. CV 19-8725 AGR |
|     Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| ANDREW SAUL, Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

Plaintiff[1] filed this action on October 10, 2019.  The parties filed a Joint Stipulation that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 12.)

**I.**

**PROCEDURAL BACKGROUND**

This case arises from the determination that Plaintiff's benefits would be terminated as of January 1, 2018. By a decision dated September 22, 2005, Plaintiff was found disabled as of January 14, 2003. Administrative Record ("AR") 91-96. The Commissioner determined that Plaintiff's disability ended on January 1, 2018, and the decision was upheld on reconsideration. AR 31, 104-09. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 11, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 46-59. On November 7, 2018, the ALJ issued a decision denying benefits. AR 28-39. On August 29, 2019, the Appeals Council denied review. AR 1-6. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Id.* In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Id.* When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Id.*

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

Continued entitlement to disability benefits is reviewed periodically. *Lambert v. Saul*, 980 F.3d 1266, 1268 (9th Cir. 2020); 20 C.F.R. § 404.1594(a). A claimant receiving disability insurance benefits "is no longer entitled to benefits when substantial evidence demonstrates (1) 'there has been any medical improvement in the [claimant's] impairment' and (2) the claimant 'is now able to engage in substantial gainful activity.'" *Attmore*, 827 F.3d at 873 (quoting 42 U.S.C. § 423(f)(1)).

In making the determination whether there has been medical improvement, the ALJ compares the current medical severity of the claimant's impairments to the medical severity "'at the time of the most recent favorable medical decision'" finding that the claimant was "'disabled or continued to be disabled.'" *Id.* (quoting 20 C.F.R. § 404.1594(b)(7)). Medical improvement is defined as "'any decrease in the medical severity of'" the claimant's impairments. *Id.* at 875 (quoting 20 C.F.R. § 404.1594(b)(1)).

Medical improvement must be related to the claimant's ability to work. *Id.* § 404.1594(a). Medical improvement is related to the claimant's ability to work when there is an increase in the claimant's functional capacity to do basic work activities. *Id.* § 404.1594(b)(3). "Basic work activities means the abilities and aptitudes necessary to do most jobs. *Id.* § 404.1594(b)(4). "In determining whether medical improvement that

has occurred is related to your ability to do work, we will assess your functional capacity . . . based on the current severity of the impairment(s) which was present at your last favorable medical decision.  Your new residual functional capacity will then be compared to your residual functional capacity at the time of our most recent favorable medical decision." *Id.* § 404.1594(c)(2).  When the most recent favorable decision was based on the fact that the claimant or equaled a listing,[3] and medical improvement has occurred such the claimant no longer meets or equals a listing, then the medical improvement is related to the ability to work.  *Id.* § 404.1594(c)(3)(i).

### B. The ALJ's Findings

The ALJ found that the most recent favorable medical decision was the decision dated September 22, 2005.  At that time, Plaintiff was found to have depression and anxiety that equaled Listing 12.04 and 12.06.  AR 33.  Since January 1, 2018, the ALJ found that Plaintiff's current medically determinable impairments are degenerative joint disease, spinal disorder, and depression.  These impairments do not meet or equal a listing.  AR 33.

The ALJ concluded that, as of January 1, 2018, medical improvement occurred that was related to his ability to work.  Plaintiff has the residual functional capacity to perform light work except that he can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently; sit/stand/walk six hours in an eight-hour workday; and frequently climb, crouch, balance, stoop, crawl, and kneel.  Plaintiff is unable to climb ladders, ropes and scaffolds; and unable to work at unprotected heights or near dangerous machinery.  Plaintiff is limited to simple and repetitive tasks, and occasional interaction with the general public, coworkers, and supervisors.  AR 36.

---

[3] "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (citation omitted) (emphasis in original).  "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5 (1987).

      The ALJ found that Plaintiff did not have any past relevant work but could perform jobs that exist in significant numbers in the national economy such as ticketer, marker, and folder. AR 38-39.

### C.    Claimant's Allegations

      In assessing a claimant's subjective allegations, the Commissioner conducts a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Id.* Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 37. Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms and determines the extent to which those symptoms limit the claimant's ability to perform work-related activities. Social Security Ruling ("SSR") 16-3p. Absent malingering, the ALJ must give specific, clear and convincing reasons for discounting the claimant's subjective allegations. *Lambert*, 980 F.3d at 1277. To do so, the ALJ must identify the claimant's testimony that is found not to be credible and explain what evidence undermines that testimony. On the other hand, "[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Id.*

      The ALJ detailed the medical opinions that support the residual functional capacity assessment. AR 33-38. The ALJ's findings are supported by substantial evidence. Moreover, Plaintiff does not appear to dispute that the alleged severity of his symptoms is not supported by the objective medical evidence. Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

      The ALJ noted that three treating providers observed that Plaintiff appeared to be maximizing his symptoms in an effort to get disability benefits. The ALJ's findings are

supported by substantial evidence. *Lehman v. Saul*, 798 Fed. Appx. 166, 167 (9th Cir. 2020). On September 20, 2017, a treating mental health provider observed that Plaintiff seemed to be "maximizing" his symptoms. AR 34, 392. On March 12, 2018, the same provider noted that Plaintiff's adherence to visits and medications was poor, and that he came in only for paperwork.[4] AR 495. On August 30, 2018, a different provider noted that the appointment was not helpful. Plaintiff was not being truthful about the purpose of the visit, appeared to be manipulating the situation for compensation, and did not appear to be taking any psych medications. AR 34, 523. A third provider who saw Plaintiff for right shoulder and right hip pain noted that he was "having issues" determining why Plaintiff was on disability, and that Plaintiff sounded as though he was primarily interested in disability. AR 454.

The ALJ also observed inconsistent statements by Plaintiff, who reported to a consultative psychiatrist that could do household chores, run errands, go shopping, and cook. AR 35, 427. At the hearing, Plaintiff testified that he stays at home, lays down and watches TV. AR 53-54. The ALJ may properly rely on inconsistent statements. *See Thomas*, 278 F.3d at 958-59.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: February 19, 2021

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] Plaintiff had represented that he was taking his psych medication but was not aware of the regimen when asked. AR 415-16.